**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No 9:23-cv-81310-RLR

MARIA CAGLIOTI, ELIZABETH CAGLIOTI
& TERESA CAGLIOTI

                    Plaintiffs

vs.


COLONIAL CLUB CONDOMINIUM
ASSOC. SEC 1 INC.
&
KATHY BAUER individually

                    Defendant.

_____/

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

MARIA CAGLIOTI, ELIZABETH CAGLIOTI, and TERESA CAGLIOTI, by and through

their undersigned counsel, sue the Defendant COLONIAL CLUB CONDOMINIUM ASSOC. SEC

1, INC. and Defendant KATHY BAUER, individually, and state as follows:

**I. NATURE OF THE ACTION**

1.      This is a civil action brought pursuant to the federal Fair Housing Act [hereafter "FHA"], 42

U.S.C. §§ 3601, *et seq.*, 42 U.S.C. § 1982, for damages and injuries arising from the Defendant

KATHY BAUER and Defendant, COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1, INC.'s

unlawful discrimination and retaliation against Plaintiffs MARIA CAGLIOTI, ELIZABETH

CAGLIOTI, and TERESA CAGLIOTI, persons with disabilities.


**II. PARTIES**

2.     Plaintiff MARIA CAGLIOTI a resident and citizen of Palm Beach County, Florida, is an individual with a disability that qualifies her for the protections of the FHA.

3.     Plaintiff ELIZABETH CAGLIOTI, a resident and citizen of Palm Beach County, Florida, is an individual with a disability that qualifies her for the protections of the FHA.

4.     Plaintiff TERESA CAGLIOTI, a resident and citizen of Palm Beach County, Florida, is an individual with a disability that qualifies her for the protections of the FHA.

5.     Defendant COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1, INC. [hereafter "COLONIAL CLUB"], a Florida non-profit corporation, organized and operating pursuant to Chapter 718, Florida Statutes, with its primary place of business at 26 Colonial Drive, Boynton Beach, FL 33435, is responsible for administering and governing its housing complex pursuant to its Articles of Incorporation, Declaration of Condominium and By-Laws, its Rules and Regulations, and Amendments thereto. It also sets, approves, and enforces the policies, practices, rules, and regulations for the COLONIAL CLUB Community.

6.     Defendant KATHY BAUER is a natural person whose address is 6 Colonial Club Drive #305, Boynton Beach, FL 33435. At all times material hereto KATHY BAUER was the president of COLONIAL CLUB's Board of Directors. As such, each reference to COLONIAL CLUB includes Defendant BAUER.

7.     The condominium units governed by COLONIAL CLUB are "dwellings" within the meaning of 42 U.S.C. § 3602(b) of the FHA.

8.     COLONIAL CLUB is subject to the anti-discrimination provisions of the FHA and amendments thereto.

### III. JURISDICTION AND VENUE

9.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § §

3601*, et seq*. and § 3613.

10.     Venue in this Court is proper because Defendants resides in this District and the events

giving rise to the Plaintiff's claims arose in Palm Beach County which is within the confines of the

West Palm Beach Division of the Southern District of Florida.

## IV. FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11.     Plaintiffs at all times material hereto resided at 6 Colonial Club Drive # 202, Boynton Beach,

FL 33435 in a unit located within the COLONIAL CLUB community.

12.     At all times material hereto, MARIA CAGLIOTI suffered from, has a history of suffering

from, and still suffers from mental and physical impairments that substantially limit one or more of

her major life activities. Specifically, MARIA CAGLIOTI suffers from uncontrolled diabetes,

hypertensive kidney disease, congestive heart failure, atrial fibrillation, severe anxiety and vertigo.

Accordingly, MARIA CAGLIOTI has a "handicap" pursuant to 42 U.S.C. § 3602(h), FHA.

13.     MARIA CAGLIOTI had been staying with her daughters between hospital/rehabilitation

stays since May of 2018, with only limited time at her unit in COLONIAL CLUB because of her

multiple health problems.

14.     In February of 2021 MARIA CAGLIOTI's physician Mario Masserano MD advised

MARIA CAGLIOTI's daughters ELIZABETH CAGLIOTI and TERESA CAGLIOTI that their

mother MARIA CAGLIOTI could no longer live on her own.

15.     ELIZABETH CAGLIOTI, TERESA CAGLIOTI and MARIA CAGLIOTI moved to

COLONIAL CLUB on or about May 1, 2021, after ELIZABETH CAGLIOTI and TERESA

CAGLIOTI lost the lease on the house they were renting.

16.     At all times material hereto, ELIZABETH CAGLIOTI suffered from, has a history of suffering from, and still suffers from mental impairments that substantially limit one or more of her major life activities. Specifically, ELIZABETH CAGLIOTI suffers from severe anxiety and panic attacks. Accordingly, ELIZABETH CAGLIOTI has a "handicap" pursuant to 42 U.S.C. § 3602(h), FHA.

17.     ELIZABETH CAGLIOTI relies upon an assistance animal, a small mixed breed dog named "Jackson," that assists ELIZABETH CAGLIOTI by providing emotional support that helps her cope with her disabilities.

18.     ELIZABETH CAGLIOTI had lived at COLONIAL CLUB previously, in 2014, and was given a waiver of COLONIAL CLUB's no-pet policy as an accommodation of her disabilities so that she could reside with her dog "Hank" for emotional support.

19.     Defendant KATHY BAUER is aware that ELIZABETH CAGLIOTI relied upon an emotional support animal and that COLONIAL CLUB had waived its no-pet rule as an accommodation of ELIZABETH CAGLIOTI's disability.

20.     When Hank passed ELIZABETH CAGLIOTI obtained Jackson to be her emotional support animal.

21.     At all times material hereto, TERESA CAGLIOTI suffered from, has a history of suffering from, and still suffers from mental impairments that substantially limit one or more of her major life activities. Specifically, TERESA CAGLIOTI suffers from severe anxiety and panic attacks. Accordingly, TERESA CAGLIOTI has a "handicap" pursuant to 42 U.S.C. § 3602(h), FHA.

22.     TERESA CAGLIOTI relies upon an assistance animal, a Pomeranian named "Enzo," that assists TERESA CAGLIOTI by providing emotional support that helps her cope with her disabilities.

23.     COLONIAL CLUB does not allow pets.

24.     Prior to their move in date of May 1, 2021, TERESA CAGLIOTI spoke with Defendant KATHY BAUER about the fact that she and her sister would be moving to COLONIAL CLUB with their mother MARIA CAGLIOTI and that they both have an emotional support animal.

25.     Defendant BAUER provided two copies of COLONIAL CLUB's "Reasonable Accommodation Service/Support Animal Registration Form" and directed that TERESA CAGLIOTI and ELIZABETH CAGLIOTI complete them in order to request a waiver of the COLONIAL CLUB 's no pet rule so that they could reside with their emotional support animals.

26.     The ability of ELIZABETH CAGLIOTI and TERESA CAGLIOTI to take care of their mother MARIA CAGLIOTI was dependent upon COLONIAL CLUB accommodating their need to reside with their emotional support animals.

27.     ELIZABETH CAGLIOTI provided COLONIAL CLUB an April 27, 2021, letter from her physician of six years, Dr. Mary Scanlon, which is marked, incorporated by reference and attached hereto as "Exhibit 1." The letter attests that ELIZABETH CAGLIOTI needs an emotional support animal to assist her in coping with her disability, and states "[s]hould you have additional questions please do not hesitate to contact me."

28.     At no time did Attorney Cortez or anyone else from COLONIAL CLUB contact Dr. Scanlon for additional information regarding ELIZABETH CAGLIOTI's disability related need for an accommodation.

29.     TERESA CAGLIOTI provided COLONIAL CLUB an April 27, 2021 letter from the physician who has treated her for the last 6 years, Dr. Mary Scanlon, which is marked, incorporated by reference and attached hereto as "Exhibit 2." The letter attests that TERESA CAGLIOTI needs

an emotional support animal to assist her in coping with her disability, and also states "[s]hould you have additional questions please do not hesitate to contact me."

30.     At no time did Attorney Cortez or anyone else from COLONIAL CLUB contact Dr. Scanlon for additional information regarding ELIZABETH CAGLIOTI's disability-related need for an accommodation.

31.     Attorney CORTEZ, rather than deferring to Dr. Scanlon, the physician that had treated both ELIZABETH CAGLIOTI and TERESA CAGLIOTI for six years, chose to interview ELIZABETH CAGLIOTI and TERESA CAGLIOTI regarding the nature and severity of their disabilities himself.

32.     Attorney CORTEZ conducted a separate phone interview with ELIZABETH CAGLIOTI and with TERESA CAGLIOTI.

33.     The phone interviews felt like cross-examinations to ELIZABETH CAGLIOTI and TERESA CAGLIOTI as Attorney CORTEZ asked very invasive and extremely personal questions regarding the nature and severity of their disabilities in an unfriendly manner.

34.     Attorney CORTEZ illegally inquired as to the specific diagnosis of ELIZABETH CAGLIOTI's and TERESA CAGLIOTI's disabilities and the severity of their disabilities.

35.     ELIZABETH CAGLIOTI asked Attorney CORTEZ why she had to go through the approval process again as she had previously been granted permission to have an emotional support animal at COLONIAL CLUB. He replied that since it was a different dog and he is now counsel for COLONIAL CLUB she had to go through the process of requesting an accommodation again he decides which animals are approved.

36.     On May 10th, 2021 ELIZABETH CAGLIOTI was sent a letter denying her request for reasonable accommodation. The denial of reasonable accommodation is marked, incorporated by reference, and attached hereto as "Exhibit 3."

37.     The May 10th, 2021 letter does not merely deny ELIZABETH CAGLIOTI's request for accommodation, it also warns:

> Please be advised that Florida Statute Section 817.265 states:
> A person who falsifies information or written documentation, or knowingly provides fraudulent information or written documentation, for an emotional support animal under s. 760.27, or otherwise knowingly and willfully misrepresents himself or herself, through his or her conduct or through a verbal or written notice, as having a disability or disability-related need for an emotional support animal, commits a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083. In addition, within 6 months after a conviction under this section, a person must perform 30 hours of community service for an organization that serves persons with disabilities or for another entity or organization that the court determines is appropriate.

38.     The statement insinuating that ELIZABETH CAGLIOTI had committed a crime merely by asking for an accommodation was clearly calculated to intimidate ELIZABETH CAGLIOTI into abandoning her Fair Housing Rights.

39.     Notably, the May 10th, 2021 letter did not seek additional information regarding ELIZABETH CAGLIOTI's need to reside with her dog for emotional support, or even invite ELIZABETH CAGLIOTI to submit additional information if she wished but instead flatly denied the requested accommodation and demanded that ELIZABETH CAGLIOTI's emotional support animal be removed from COLONIAL CLUB.

40.     On May 10th, 2021 TERESA CAGLIOTI was sent a letter denying her request for reasonable accommodation. The denial of reasonable accommodation is marked, incorporated by reference, and attached hereto as "Exhibit 4."

41.     The May 10th, 2021 letter does not merely deny TERESA CAGLIOTI's request for accommodation, it also warns:

> Please be advised that Florida Statute Section 817.265 states:

> A person who falsifies information or written documentation, or knowingly provides fraudulent information or written documentation, for an emotional support animal under s. 760.27, or otherwise knowingly and willfully misrepresents himself or herself, through his or her conduct or through a verbal or written notice, as having a disability or disability-related need for an emotional support animal, commits a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083. In addition, within 6 months after a conviction under this section, a person must perform 30 hours of community service for an organization that serves persons with disabilities or for another entity or organization that the court determines is appropriate.

42.     The statement insinuating that TERESA CAGLIOTI had committed a crime merely by asking for an accommodation was clearly calculated to intimidate TERESA CAGLIOTI into abandoning her Fair Housing Rights.

43.     Notably, the May 10th, 2021 letter did not seek additional information regarding TERESA CAGLIOTI's need to reside with her dog for emotional support, or even invite TERESA CAGLIOTI to submit additional information if she wished but instead flatly denied the requested accommodation and demanded that TERESA CAGLIOTI's emotional support animal be removed from COLONIAL CLUB.

44.     After her two daughters moved in with Jackson and Enzo, MARIA CAGLIOTI was greatly benefitted by the presence of the two dogs. The symptoms of MARIA CAGLIOTI disabilities lessened as she enjoyed the comfort, companionship and unconditional love provide by the Jackson and Enzo.

45.     On August 2, 2021 MARIA CAGLIOTI was served a "Notice of Violation, Demand to Cure and for Reimbursement of Damages, and Statutory offer to Participate in Presuit Mediation" commanding that she remove Jackson and Enzo from her home within 4 days and pay $225.00 in attorney's fees and $7.16 in "legal costs" associated with Mr. Cortez having drafted the "Notice of

Violation, Demand to Cure and for Reimbursement of Damages, and Statutory offer to Participate in Presuit Mediation," or she would be sued.

46.     The "Notice of Violation, Demand to Cure and for Reimbursement of Damages, and Statutory offer to Participate in Presuit Mediation," which is marked, attached hereto and incorporated by reference as "Exhibit 5", also demands that MARIA CAGLIOTI participate in pre-suit mediation at her expense or "Colonial Club Sec 1 will be authorized to proceed with filing a lawsuit against you without further notice and may seek an award of attorney's fees or costs incurred in attempting to obtain mediation."

47.     Because her medical conditions and mental health were so greatly improved based upon the presence of Enzo and Jackson, MARIA CAGLIOTI's daughters requested an accommodation on MARIA CAGLIOTI's behalf so that the dogs could continue providing emotional support to their mother.

48.     In support of the request that COLONIAL CLUB's no pet rule be waived so that Enzo and Jackson could continue providing emotional support to MARIA CAGLIOTI, COLONIAL CLUB and BAUER were provided a letter from MARIA CAGLIOTI's doctor, Dr. Mario Masserano, which is marked, attached hereto and incorporated by reference as "Exhibit 6."

49.     Dr. Masserano's letter states:

> *Please be advised the above-mentioned patient has been under my care for over 2 years. Mrs. Caglioti has suffered several major medical issues (uncontrolled diabetes, hypertensive kidney disease, congestive heart failure, atrial fibrillation, severe anxiety and vertigo.) During this time, she resided with her daughters, Teresa and Elizabeth (Lisa) and their two dogs, Enzo and Jackson, The companionship of the dogs became highly evident in her recovery process. The dogs were, and still are, continuing to make her thrive. Her health has approved dramatically in all aspects. The continued companionship of the dogs has proven to be a (sic) beneficial for Mrs. Caglioti's continued health care.*

> *As of February 2021, I advised her daughters, who hold full Power of Attorney and are her caretakers, Mrs. Caglioti should no longer live alone. Unfortunately, due to events of the global pandemic, the plans that were in place for Mrs. Caglioti's permanent change of residence to her daughters' home, were abruptly changed. The unwarranted and unnecessary continued push to remove the dogs is causing serious negative effects to my patient's health. Mrs. Caglioti is a 90-year-old woman, who has suffered greatly, however, she is fortunate to have two daughters to care for her 24 hours a day while residing with them. The unnecessary mental stress and anguish you are creating and now threatening legal punishment is detrimental to her health and wellbeing. These dogs that you want removed have provided her with around the clock comfort, calmness and add to the general wellbeing of her overall health. Mrs. Caglioti has a proven need for the companion dogs and I am prescribing they remain in her dwelling.*
> *If you have any further questions, please feel free to contact me. Please keep in mind, all aspects of HIPPA will be followed to protect my patient's privacy.*

50.     Defendants did not respond to MARIA CAGLIOTI's request for accommodation in any way.

51.     At no time did BAUER, Attorney Cortez or anyone else from COLONIAL CLUB contact Dr. Masserano for additional information regarding MARIA CAGLIOTI's disability-related need for an accommodation.

52.     At all times relevant to this complaint, Defendant BAUER was fully aware that MARIA CAGLIOTI is disabled.

53.     On September 17, 2021 COLONIAL CLUB sued MARIA CAGLIOTI, ELIZABETH CAGLIOTI and TERESA CAGLIOTI seeking temporary and permanent injunctive relief forcing removal of PLAINITFFS' emotional support animals and an award of attorney's fees and costs. The Statement of Claim is marked, attached hereto and incorporated by reference as "Exhibit 7."

54.     On or about October 15, 2021 COLONIAL CLUB and BAUER were provided a second letter from MARIA CAGLIOTI's physician, Dr. Masserano, dated October 14, 2021, again attesting

that the dogs "were, and still are, necessary" for MARIA CAGLIOTI's mental health, warning that the efforts to remove the dogs is causing serious negative affects to MARIA CAGLIOTI's health, and stating that it "remains in my medical opinion a medical necessity that my patient continue to benefit from the companionship of her dogs." Dr. Masserano's October 14, 2021 letter, marked attached hereto and incorporated by reference as "Exhibit 8," specifically invites Attorney Cortez to feel free to contact him if [Attorney Cortez] has any further questions.

55.     Neither Attorney CORTEZ nor BAUER nor any other COLONIAL CLUB representative sought additional information regarding MARIA CAGLIOTI's disability-related need for an accommodation from Dr. Masserano or from her daughters that are also her live-in caretakers.

56.     COLONIAL CLUB and BAUER continued to deny MARIA CAGLIOTI's request for accommodation even after receiving Dr. Masserano's October 14, 2021 letter.

57.     On September 17, 2021 a legal action was filed by COLONIAL CLUB against by PLAINTIFFS seeking to force the removal of Jackson and Enzo and seeking a temporary and permanent injunctive relief and alleging that unless PLAINTIFFS two small emotional support animals were removed from the community, "irreparable harm will result from Defendant's (sic) failure to cure the Violations as it undermines, atrophies and erodes Plaintiff's authority to seek compliance from other lot owners."

58.     The legal action sought the forced removal of Enzo and Jackson from COLONIAL CLUB, and to force PLAINTIFFS to pay COLONIAL CLUB's attorney's fees.

59.     The state action was served on PLAINTIFFS on September 27, 2021.

60.     On December 20, 2021 ELIZABETH CAGLIOTI was placed on unpaid leave due to the emotional distress she experienced because of being interrogated by attorney CORTEZ and sued by COLONIAL CLUB.

61.   The fear of losing the ability to live with her emotional support animal and having to pay COLONIAL CLUB's attorney's fees greatly exacerbated the symptoms of ELIZABETH CAGLIOTI's disabilities, she has been unable to return to work and rarely leaves her house.

62.   After filing the lawsuit on September 17, 2021 COLONIAL CLUB made no effort whatsoever to move the case forward and the case was finally dismissed based upon the CAGLIOTIs' Motion for Summary Disposition more than two years later on January 25, 2024.

63.   On February 26, 2022 MARIA CAGLIOTI, ELIZABETH CAGLIOTI and TERESA CAGLIOTI moved from their unit in the Colonial Club Community because the Unit belonging to MARIA CAGLIOTI had been sold.

64.   On December 22, 2022, after an investigation lasting more than a year, the Palm Beach County Office of Equal Opportunity issued a determination finding that Reasonable Cause exists to believe that Colonial Club had violated the FHA by failing to accommodate Plaintiffs. The NOTICE OF DETERMINATION OF REASONABLE CAUSE is marked, attached hereto and incorporated by reference as Exhibit 9.

65.   COLONIAL CLUB and BAUER's actions were intentional, deliberate, willful, and in total and reckless disregard of PLAINTIFF'S rights and showed total indifference to PLAINTIFF'S disabilities.

66.   COLONIAL CLUB and BAUER's actions demonstrated reckless or callous indifference to PLAINTIFF's federally-protected rights insofar as COLONIAL CLUB and BAUER had knowledge that their action were in violation of federal law.

67.   BAUER personally directed and/or contributed to denial of PLAINTIFFS' accommodation requests and directed that legal action be initiated against PLAINTIFFS.

68.    PLAINTIFFS have been injured by COLONIAL CLUB and BAUER's discriminatory housing practices and therefore qualify as "aggrieved persons" pursuant to 42 U.S.C. § 3602(i).

69.    As a direct and proximate result of COLONIAL CLUB and BAUER's conduct, PLAINTIFFS have incurred and continue to incur attorney's fees and have suffered and continue to suffer irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of their right to equal housing opportunities regardless of disability.

70.    All conditions precedent to the PLAINTIFFS bringing this action have occurred, or the performance of such conditions have been waived by COLONIAL CLUB and BAUER.

71.    PLAINTIFFS retained undersigned counsel and are obligated to pay a reasonable fee for her services.

### V. CAUSES OF ACTION

### COUNT I
### FAILURE TO ACCOMMODATE MARIA CAGLIOTI

72.    PLAINTIFFS re-allege and incorporate by reference Paragraphs 1-15, 44-59 and 63-71 as if fully set forth herein.

73.    MARIA CAGLIOTI suffers from and has a history of suffering from disabilities that substantially limit one or more of her life activities.

74.    MARIA CAGLIOTI's Jackson and Enzo help ameliorate the symptoms of her disabilities.

75.    By virtue of the therapeutic support they provide Jackson and Enzo are emotional support animals.

76.    MARIA CAGLIOTI has a disability-related need to live with her emotional support animals in order to have equal use and enjoyment of her unit in COLONIAL CLUB.

77.    MARIA CAGLITOI requested that COLONIAL CLUB waive its pet restrictions so that she may reside with her emotional support animals.

78.    COLONIAL CLUB and BAUER were provided credible documentation establishing MARIA CAGLIOTI's disability and that Jackson and Enzo provide MARIA CAGLIOTI disability-related emotional support.

79.    COLONIAL CLUB and BAUER had actual knowledge of MARIA CAGLIOTI's disability-related need to live with Jackson and Enzo for emotional support animal.

80.    Neither COLONIAL CLUB or BAUER made any effort to engage in a good faith dialogue with MARIA CAGLITOTI, or her physician, or her caretakers Teresa Caglioti and Elizabeth Caglitoti regarding MARIA CAGLIOTI's disability-related need for an accommodation.

81.    COLONIAL CLUB at BAUER's direction refused to accommodate MARIA CAGLIOTI's reasonable request for a disability, and instead took legal action against MARIA CAGLITOTI seeking removal of her emotional support animals and payment of its legal fees and costs.

82.    Accommodating MARIA CAGLIOTI's need to reside with two small dogs for emotional support would not: 1) result in substantial physical damage to the property of others or that of COLONIAL CLUB; 2) pose an undue financial and administrative burden to COLONIAL CLUB; or 3) fundamentally alter the nature of COLONIAL CLUB's operations.

83.    COLONIAL CLUB's failure to waive its no pet policy to accommodate for MARIA CAGLITOTI's disabilities is discriminatory and unlawful.

84.    COLONIAL CLUB's failure to otherwise accommodate MARIA CAGLITOTI's disabilities is discriminatory and unlawful.

85.     COLONIAL CLUB and BAUER's actions and conduct constitute a conscious and reckless disregard for MARIA CAGLIOTI's rights and show total indifference to MARIA CAGLIOTI's disabilities.

86.     COLONIAL CLUB violated 42 U.S.C. § 3604(f)(3)(B) by refusing to make reasonable accommodations in its rules, policies, practices, or services when such accommodations are necessary to afford MARIA CAGLIOTI an equal opportunity to use and enjoy a dwelling.

87.     BAUER caused or personally contributed to COLONIAL CLUB's violations of the FHA.

88.     The discriminatory conduct of BAUER and COLONIAL CLUB was intentional, willful, and taken in total disregard for MARIA CAGLIOTI'S rights.

89.     As a direct and proximate result of COLONIAL CLUB's failure to accommodate, MARIA CAGLIOTI suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of her right to equal housing opportunities regardless of disability.

    **WHEREFORE**, PLAINTIFF MARIA CAGLIOTI demands judgment against DEFENDANT KATHY BAUER and DEFENDANT COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1, INC., declaring that KATHY BAUER and COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1, INC. violated the Fair Housing Act by discriminating against a person with disabilities, and awarding MARIA CAGLIOTI compensatory and punitive damages, attorneys' fees and costs, as well as any other such relief as this Court deems just and equitable.

## COUNT II
## <u>FAILURE TO ACCOMMODATE ELIZABETH CAGLIOTI</u>

90.     PLAINTIFFS re-allege and incorporate by reference Paragraphs 1-20, 25-28, 30-39, 53 and 57-71 as if fully set forth herein.

91.     ELIZABETH CAGLIOTI suffers from and has a history of suffering from severe anxiety that substantially limit one or more of her life activities.

92.     ELIZABETH CAGLIOTI has an emotional support animal, a small dog named Jackson that helps ameliorate the symptoms of her disabilities.

93.     ELIZABETH CAGLIOTI has a disability related need to live with her emotional support animal in order to have equal use and enjoyment of her unit in COLONIAL CLUB.

94.     ELIZABETH CAGLITOTI requested that COLONIAL CLUB waive its pet restrictions that she may reside with her emotional support animals.

95.     COLONIAL CLUB and BAUER were provided credible documentation establishing ELIZABETH CAGLIOTI's disability and that the animal in question would provide disability-related emotional support.

96.     BAUER is personally aware of the fact that COLONIAL CLUB had previously waived its no-pets rule so that ELIZABETH CAGLIOTI could live at CONONIAL CLUB with an emotional support animal.

97.     COLONIAL CLUB and BAUER had actual knowledge of ELIZABETH CAGLIOTI's disability-related need to live with her dog for emotional support animal.

98.     COLONIAL CLUB has made no effort to engage in a good faith dialogue with ELIZABETH CAGLITOTI or to seek additional information regarding ELIZABETH CAGLITOTI's disability related need for an accommodation.

99.     COLONIAL CLUB's counsel personally questioned ELIZABETH CAGLIOTI and demanded that she disclose personal information regarding the nature and severity of her disabilities.

100. COLONIAL CLUB and BAUER refused to accommodate ELIZABETH CAGLIOTI's reasonable request for a disability, and instead took legal action against ELIZABETH CAGLITOTI seeking removal of her emotional support animal and payment of COLONIAL CLUB's legal fees and costs.

101. Accommodating ELIZABETH CAGLIOTI's need to reside with her small dog for emotional support would not: 1) result in substantial physical damage to the property of others or that of COLONIAL CLUB; 2) pose an undue financial and administrative burden to COLONIAL CLUB; or 3) fundamentally alter the nature of COLONIAL CLUB's operations.

102. COLONIAL CLUB's failure to waive its no pet policy to accommodate for ELIZABETH CAGLITOTI's disabilities is discriminatory and unlawful.

103. COLONIAL CLUB's failure to otherwise accommodate ELIZABETH CAGLITOTI's disabilities is discriminatory and unlawful.

104. COLONIAL CLUB and BAUER's actions and conduct constitute a conscious and reckless disregard for ELIZABETH CAGLIOTI's rights and show total indifference to ELIZABETH CAGLIOTI's disability.

105. COLONIAL CLUB violated 42 U.S.C. § 3604(f)(3)(B) by refusing to make reasonable accommodations in its rules, policies, practices, or services when such accommodations are necessary to afford ELIZABETH CAGLIOTI an equal opportunity to use and enjoy a dwelling.

106.   BAUER caused or personally contributed to COLONIAL CLUB's violations of the FHA.

107.   The discriminatory conduct of COLONIAL CLUB and BAUER was intentional, willful, and taken in total disregard for ELIZABETH CAGLIOTI'S rights.

108. As a direct and proximate result of COLONIAL CLUB's failure to accommodate, ELIZABETH CAGLIOTI suffered irreparable loss and injury including, but not limited to, mental

anguish, loss of dignity, emotional distress, humiliation, and loss of her right to equal housing opportunities regardless of disability.

**WHEREFORE**, PLAINTIFF ELIZABETH CAGLIOTI demands judgment against DEFENDANT COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1, INC., and DEFENDANT KATHY BAUER declaring that COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1, INC. and KATHY BAUER violated the Fair Housing Act by discriminating against a person with disabilities, and awarding ELIZABETH CAGLIOTI compensatory and punitive damages, attorneys' fees and costs, as well as any other such relief as this Court deems just and equitable.

## COUNT III
## FAILURE TO ACCOMMODATE TERESA CAGLIOTI

109.    Plaintiffs re-allege and incorporate by reference Paragraphs 1-15, 21-26, 31-34, 40-43, 53, 57-59, and 62-67 as if fully set forth herein.

110.    TERESA CAGLIOTI suffers from and has a history of suffering from severe depression and anxiety that substantially limit one or more of her life activities.

111.    TERESA CAGLIOTI has an emotional support animal, a small dog named Enzo that helps ameliorate the symptoms of her disabilities.

112.    TERESA CAGLIOTI has a disability related need to live with her emotional support animal in order to have equal use and enjoyment of her unit in COLONIAL CLUB.

113.    TERESA CAGLITOTI requested that COLONIAL CLUB waive its pet restrictions that she may reside with her emotional support animals.

114.    COLONIAL CLUB and BAUER were provided credible documentation establishing TERESA CAGLIOTI's disability and that the animal in question would provide disability-related emotional support.

115.     COLONIAL CLUB and BAUER had actual knowledge of TERESA CAGLIOTI's disability- related need to live with her dog for emotional support animal.

116.     COLONIAL CLUB and BAUER failed to engage in a good faith dialogue with TERESA CAGLIOTI, or her physician Dr. Scanlon regarding TERESA CAGLIOTI's need for an accommodation and failed to seek additional information regarding TERESA CAGLIOTI's disability-related need for an accommodation.

117.     COLONIAL CLUB and BAUER refused to accommodate TERESA CAGLIOTI's reasonable request for a disability, and instead took legal action against TERESA CAGLIOTI seeking removal of her emotional support animal and payment of its legal fees and costs.

118.     Accommodating TERESA CAGLIOTI's need to reside with her small dog for emotional support would not: 1) result in substantial physical damage to the property of others or that of COLONIAL CLUB; 2) pose an undue financial and administrative burden to COLONIAL CLUB; or 3) fundamentally alter the nature of COLONIAL CLUB's operations.

119.     COLONIAL CLUB's failure to waive its no pet policy to accommodate for TERESA CAGLITOTI's disabilities is discriminatory and unlawful.

120.     COLONIAL CLUB's failure to otherwise accommodate TERESA CAGLITOTI's disabilities is discriminatory and unlawful.

121.     COLONIAL CLUB and BAUER's actions and conduct constitute a conscious and reckless disregard for TERESA CAGLIOTI's rights and show total indifference to TERESA CAGLIOTI's disability.

122.     COLONIAL CLUB violated 42 U.S.C. § 3604(f)(3)(B) by refusing to make reasonable accommodations in its rules, policies, practices, or services when such accommodations are necessary to afford TERESA CAGLIOTI an equal opportunity to use and enjoy a dwelling.

123.    BAUER caused or personally contributed to COLONIAL CLUB's violations of the FHA.

124.    The discriminatory conduct of COLONIAL CLUB and BAUER was intentional, willful, and taken in total disregard for TERESA CAGLIOTI'S rights.

125.    As a direct and proximate result of COLONIAL CLUB's failure to accommodate, TERESA CAGLIOTI suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of her right to equal housing opportunities regardless of disability.

**WHEREFORE**, PLAINTIFF TERESA CAGLIOTI demands judgment against DEFENDNAT COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1, INC. and DEFENDANT KATHY BAUER, declaring that COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1, INC. and BAUER violated the Fair Housing Act by discriminating against a person with disabilities, and awarding TERESA CAGLIOTI compensatory and punitive damages, attorneys' fees and costs, as well as any other such relief as this Court deems just and equitable.

**COUNT IV**
**MAKING A DWELLING UNAVAILABLE ON ACCOUNT OF DISABILITY**

126.    PLAINTIFFS re-allege and incorporate by reference Paragraphs 1-64 as if fully set forth herein.

127.    PLAINTIFFS require the ability to live with their emotional support animals in order to have the same opportunity to enjoy a unit a COLONIAL CLUB as any non-disabled resident.

128.    COLONIAL CLUB and BAUER were informed of PLAINTIFFS' disability-related need to live with emotional support animals.

129.    COLONIAL CLUB at BAUER's direction filed a legal action seeking to remove the emotional support animals from the COLONIAL CLUB community and payment of COLONIAL CLUB's attorney's fees and costs.

130.    The foregoing acts of COLONIAL CLUB and BAUER constitute discrimination violation of 42 U.S.C. § 3604(f)(1)(A) by making a dwelling unavailable because of PLAINTIFFS' handicaps.

131.    As a result of the conduct of COLONIAL CLUB and BAUER, PLAINTIFFS have suffered damages including injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of their right to equal housing opportunities regardless of disability.

132.    The discriminatory conduct or actions of COLONIAL CLUB and BAUER were intentional, willful, and taken in blatant disregard for the rights of PLAINTIFFS.

**WHEREFORE**, PLAINTIFFS MARIA CAGLIOTI, ELIZABETH CAGLIOTI and TERESA CAGLIOTI demand judgment against COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1, INC. and BAUER declaring that their actions violated the Fair Housing Act by discriminating against persons with disabilities and awarding PLAINTIFFS' MARIA CAGLIOTI, ELIZABETH CAGLIOTI and TERESA CAGLIOTI compensatory and punitive damages, attorneys' fees and costs, as well as any other such relief as this Court deems just and equitable.

**COUNT V**
**ILLEGAL INTIMIDATION OF TERESA CAGLIOTI**

133.    Plaintiffs re-allege and incorporate by reference Paragraphs 1-15, 21-26, 29, 31-34, 40-43, 53, 57-59, and 62-71 as if fully set forth herein.

134.    It is unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided

or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 42 U.S.C.S. §§ 3603, 3604, and 3606; 42 U.S.C. § 3617.

135.    COLONIAL CLUB and BAUER have engaged in a pervasive intentional and unlawfully discriminatory course of conduct that was intended to intimidate TERESA CAGLIOTI into abandoning her fair housing rights, including but not limited to:

a.    Responding to TERESA CAGLIOTI request for reasonable accommodation of her disability-related need for her emotional support animal by allowing its attorney to cross examine her regarding the nature and severity of her disability and the legitimacy of her need for her emotional support animal;

b.    Responding to TERESA CAGLIOTI's request for reasonable accommodation of her disability-related need for her emotional support animal with a letter insinuating that she is lying and committing a crime;

c.    Demanding that TERESA CAGLIOTI permanently remove her emotional support animal;

d.    Serving TERESA CAGLIOTI 's mother MARIA CAGLIOTI a "STATUTORY OFFER TO PARTICIPATE IN PRE-SUIT MEDIATION" demanding that MARIA CAGLIOTI "engage in mandatory pre-suit mediation," fifty percent of the cost of which was to be borne by and further threatening that if she fails to participate in mediation, "suit may be brought against you by the Association without further warning."

e.    Filing a lawsuit against TERESA CAGLIOTI and her mother and sister seeking removal of her emotional support animal and payment of damages and attorney's fees.

136.    COLONIAL CLUB and BAUER, through their conduct and action described above, violated 42 U.S.C. § 3617 of the FHA by coercing, intimidating, threatening, or interfering with in the exercise and enjoyment of her fair housing rights.

137.    The discriminatory conduct of COLONIAL CLUB and BAUER was intentional, willful, and taken in disregard for Plaintiff's TERESA CAGLIOTI's rights.

138.    As a direct and proximate result of the Defendants' conduct, the Plaintiff TERESA CAGLOTI has incurred and continues to incur attorney's fees, and suffered and continues to suffer irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of her right to equal housing opportunities regardless of disability.

WHEREFORE, Plaintiff, TERESA CAGLOTI, demands judgment against Defendants, COLONIAL CLUB and KATHY BAUER declaring that the actions of COLONIAL CLUB and KATHY BAUER violated the Fair Housing Act by discriminating against a person with a disability, and awarding Plaintiff TERESA CAGLOTI compensatory damages, punitive damages, attorneys' fees and costs, and injunctive relief, as well as any other such relief as this Court deems just and equitable.

### COUNT VI
### ILLEGAL INTIMIDATION OF ELIZABETH CAGLIOTI

139.    Plaintiffs re-allege and incorporate by reference Paragraphs 1-20, 25-28, 30-39, 53, and 57-71 as if fully set forth herein.

140.    It is unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 42 U.S.C.S. §§ 3603, 3604, and 3606; 42 U.S.C. § 3617.

141.    COLONIAL CLUB and BAUER have engaged in a pervasive intentional and unlawfully discriminatory course of conduct that was intended to intimidate ELIZABETH CAGLIOTI into abandoning her fair housing rights, including but not limited to:

a.     Responding to ELIZABETH CAGLIOTI's request for reasonable accommodation of her disability-related need for her emotional support animal by allowing its attorney to cross examine her regarding the nature and severity of her disability and the legitimacy of her need for her emotional support animal;

b.     Responding to ELIZABETH CAGLIOTI's request for reasonable accommodation of her disability-related need for her emotional support animal with a letter insinuating that she is lying and committing a crime;

c.     Demanding that ELIZABETH CAGLIOTI permanently remove her emotional support animal;

d.     Serving ELIZABETH CAGLIOTI's mother MARIA CAGLIOTI a "STATUTORY OFFER TO PARTICIPATE IN PRE-SUIT MEDIATION" demanding that MARIA CAGLIOTI "engage in mandatory pre-suit mediation," fifty percent of the cost of which was to be borne by and further threatening that if she fails to participate in mediation, "suit may be brought against you by the Association without further warning."

e.     Filing suit against ELIZABETH CAGLIOTI and her mother and sister seeking removal of her emotional support animal and payment of damages and attorney's fees.

142.   COLONIAL CLUB and BAUER, through their conduct and action described above, violated 42 U.S.C. § 3617 of the FHA by coercing, intimidating, threatening, or interfering with in the exercise and enjoyment of her fair housing rights.

143.   The discriminatory conduct of COLONIAL CLUB and BAUER was intentional, willful, and taken in disregard for Plaintiff's rights.

144.   As a direct and proximate result of the Defendants' conduct, the Plaintiff ELIZABETH CAGLOTI has incurred and continues to incur attorney's fees, and suffered and continues to suffer

irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of her right to equal housing opportunities regardless of disability.

WHEREFORE, Plaintiff, ELIZABETH CAGLOTI, demands judgment against Defendants, COLONIAL CLUB and KATHY BAUER declaring that the actions of COLONIAL CLUB and KATHY BAUER violated the Fair Housing Act by discriminating against a person with a disability, and awarding Plaintiff ELIZABETH CAGLOTI compensatory damages, punitive damages, attorneys' fees and costs, and injunctive relief, as well as any other such relief as this Court deems just and equitable.

## PRAYER FOR RELIEF

**WHEREFORE,** PLAINTIFFS MARIA CAGLIOTI, ELIZABETH CAGLIOTI, and TERESA CAGLIOTI demand judgment against DEFENDANTS KATHY BAUER and COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1, INC., and respectfully request that this Court enter an Order:

a) declaring that the actions of KATHY BAUER and COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1, INC. violated, *inter alia*, the Fair Housing Act/Fair Housing Amendments Act by discriminating against persons with disabilities;

b) awarding to PLAINTIFFS such damages as would fully compensate them for their injuries caused by COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1, INC.'s discriminatory conduct;

c) awarding to PLAINTIFFS such damages as would fully compensate them for their injuries caused by KATHY BAUER's discriminatory conduct;

d) awarding to punitive damages to PLAINTIFFS;

e) awarding to PLAINTIFFS their attorney's fees and costs incurred in bringing this action and associated and affiliated with enforcement of the FHA and otherwise associated with their protection thereunder; and

f) granting all other such relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

PLAINTIFFS demand a jury trial for all issues so triable.

Respectfully submitted this ___ day of January, 2024.

BY:/s/ *Marcy LaHart*
Marcy I. LaHart, Esq.
Florida Bar No. 0967009
Marcy@floridaanimallawyer.com
MARCY I. LAHART, P.A.
249 SE Tuscawilla Road
Micanopy, FL 32667
(352) 545-7001

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___day of January 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of Court via the Court's CM/ECF System, which will send notification of such filing to all CM/ECF participants.

Respectfully submitted,

BY:/s/ *Marcy LaHart*
Marcy I. LaHart, Esq.