UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO.: 9:23-CV-81310-ROSENBERG

MARIA CAGLIOTI, ELIZABETH
CAGLIOTI, and TERESA CAGLIOTI,

                Plaintiffs,

v.

COLONIAL CLUB CONDOMINIUM
ASSOC. SEC 1, INC., and KATHY
BAUER, individually

                Defendants,

_____/

## DEFENDANTS, COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1 INC'S AND KATHY BAUER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

      Defendants, Colonial Club Condominium Assoc. Sec 1 Inc. (the "Condo"), and Kathy Bauer by and through their undersigned counsel, hereby submit their Answer and Affirmative Defenses to Plaintiffs' Maria Caglioti, Elizabeth Caglioti, and Teresa Caglioti, First Amended Complaint, and states as follows:

### I.      NATURE OF ACTION

1.    Denied.

### II.      PARTIES

2.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Amended Complaint.

3.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Amended Complaint.

4.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint.

5.     Admitted.

6.     Admitted, except denies that any reference to Colonial Club should also include Bauer.

7.     Denied and refer all questions of law to the fact finder for a determination on same.

8.     Denied and refer all questions of law to the fact finder for a determination on same.

### III.     JURISDICTION AND VENUE

9.     Admitted for jurisdictional purposes only; otherwise denied.

10.    Admitted.

### IV.     FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11.    Denied.

12.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint.

13.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Amended Complaint.

14.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Amended Complaint.

15.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Amended Complaint.

16.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Amended Complaint.

17.    Denied.

18.    Denied.

19.    Denied.

20.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Amended Complaint.

21.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Amended Complaint.

22.     Denied.

23.     Admitted.

24.     Admitted.

25.     Admitted.

26.     Denied.

27.     Exhibit 1 speaks for itself; otherwise denied.

28.     Admitted.

29.     Exhibit 2 speaks for itself; otherwise denied.

30.     Admitted.

31.     Denied.

32.     Admitted.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Exhibit 3 speaks for itself; otherwise denied.

37.     Exhibit 3 speaks for itself; otherwise denied.

38.     Denied.

39.     Exhibit 3 speaks for itself; otherwise denied.

40.     Exhibit 4 speaks for itself; otherwise denied.

41.     Exhibit 4 speaks for itself; otherwise denied.

42.  Denied.

43.  Exhibit 4 speaks for itself; otherwise denied.

44.  Denied.

45.  Denied and reference is made to the document cited therein, which speaks for itself.

46.  Exhibit 5 speaks for itself; otherwise denied.

47.  Denied.

48.  Exhibit 6 speaks for itself; otherwise denied.

49.  Exhibit 6 speaks for itself; otherwise denied.

50.  Denied.

51.  Admitted.

52.  Denied.

53.  Exhibit 7 speaks for itself; otherwise denied.

54.  Exhibit 8 speaks for itself; otherwise denied.

55.  Denied.

56.  Denied.

57.  Denied and refer to the legal action referred to therein for its full terms, conditions and context.

58.  Denied and refer to the legal action referred to therein for its full terms, conditions and context.

59.  Admitted.

60.  Denied.

61.  Denied.

62.  Denied.

63.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Amended Complaint.

64.     Exhibit 9 speaks for itself; otherwise denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Amended Complaint.

## V.     CAUSES OF ACTION

### COUNT I
### FAILURE TO ACCOMMODATE MARIA CAGLIOTI

72.     Defendants re-allege and incorporate their responses to Paragraphs 1-71 above.

73.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Amended Complaint.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

## COUNT II
## <u>FAILURE TO ACCOMMODATE ELIZABETH CAGLIOTI</u>

90.     Defendants re-allege and incorporate their responses to Paragraphs 1-89 above.

91.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the Amended Complaint.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

**COUNT III**
**FAILURE TO ACCOMMODATE TERESA CAGLIOTI**

109.    Defendants re-allege and incorporate their responses to Paragraphs 1-108 above.

110.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 110 of the Amended Complaint.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

## COUNT IV
## MAKING A DWELLING UNAVAILABLE ON ACCOUNT OF DISABILITY

126.    Defendants re-allege and incorporate their responses to Paragraph 1-125 above.

127.    Denied.

128.    Admitted.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

## COUNT V
## ILLEGAL INTIMIDATION OF TERESA CAGLIOTI

133.    Defendants re-allege and incorporate their responses to Paragraph 1-132 above.

134.    Denied and refer all questions of law to the fact finder for a determination of same.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

## COUNT VI
## ILLEGAL INTIMIDATION OF ELIZABETH CAGLIOTI

139.    Defendants re-allege and incorporate their responses to Paragraph 1-138 above.

140.    Denied and refer all questions of law to the fact finder for a determination of same.

141.    Denied.

142.     Denied.

143.     Denied.

144.     Denied.

WHEREFORE, Defendants, Colonial Club Condominium Assoc. Sec 1 Inc, and Kathy Bauer, hereby demand judgment in their favor and against the Plaintiffs for interest, costs, and reasonable attorneys' fees as provided by statute and/or contract and any other relief this court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As their first affirmative defense. Defendants state that the Plaintiffs claims fail because the Plaintiffs are not individuals with disabilities within the meaning of the Fair Housing Act ("FHA").

### Second Affirmative Defense

As their second affirmative defense, Defendants state that the Complaint fails to state a claim, in whole or in part, upon which relief can be granted, because, among other things, the Plaintiffs failed to allege sufficient ultimate facts showing that the Plaintiffs are entitled to relief under the FHA, and/or any other state law applicable to this factual scenario.

### Third Affirmative Defense

As their third affirmative defense, Defendants state that Plaintiffs' claims fail because Plaintiffs failed to adequately request a reasonable accommodation. Though the Plaintiffs submitted purported medical letters, these letters were in all material respects identical letters and did not provide sufficient information to properly consider the requests for reasonable

accommodations for the Plaintiffs, including among other things, the letters lacked information showing how the alleged disabilities substantially limited major life activities. Further, they do now show how the animals are peculiarly suited to ameliorate the substantial limitation on major life activities.

### Fourth Affirmative Defense

As their fourth affirmative defense, Defendants state that Plaintiff, Maria Caglioti frustrated the interactive process by not engaging in a dialogue with Defendants regarding a request for reasonable accommodation.

### Fifth Affirmative Defense

As their fifth affirmative defense, Defendants state that Kathy Bauer is one member of the Board of Directors (and one vote) and does not have independent decision-making authority.

### Sixth Affirmative Defense

As their sixth affirmative defense, Defendants state that at all times material to the allegations in the Complaint, the Defendants acted without malice, without reckless disregard of the rights of the Plaintiffs, in good faith and with a reasonable justification or belief in the legality and lawfulness of its actions to enforce the Condo's non-discriminatory rules and regulations and act in accordance with their legal obligations.

### Seventh Affirmative Defense

As their seventh affirmative defense, Defendants state that the Complaint fails to state a claim, in whole or in part, upon which relief can be granted. Plaintiffs failed to allege sufficient ultimate facts showing that the Plaintiffs are entitled to relief under 42 U.S.C. § 3604 et seq. because the Plaintiffs have failed to allege, or demonstrate, any discriminatory animus on the Defendant's behalf to sustain a cause of action based upon 42 U.S.C. § 3604.

### Eight Affirmative Defense

As their eight affirmative defense, Defendants state that Plaintiffs failed to allege sufficient ultimate facts demonstrating that the Plaintiffs are entitled to punitive damages under the Federal Fair Housing Act 42 U.S.C. § 3601, et seq.

### Ninth Affirmative Defense

As their ninth affirmative defense, Defendants state Plaintiffs claims under 42 U.S.C. § 3617 fail as Defendants did not retaliate against Plaintiff in any way, shape, or form in terms of Plaintiffs accommodation request pursuant to 42 U.S.C. § 3617. Defendants have a fiduciary duty to uphold and enforce the Condo's Declaration. Defendants legal right to move forward with legal proceedings to seek removal under the Declaration, is not in violation for 42 U.S.C § 3617.

### REQUEST FOR RELIEF

Based upon these answers and affirmative defenses, Defendants, Colonial Club Condominium Assoc. Sec 1 Inc, and Kathy Bauer respectfully request that the Court enter a judgment as follows:

(a)     Dismissing the Plaintiffs' Complaint in its entirety, on the merits, and with prejudice;

(b)     Denying the Plaintiffs' request for relief in its entirety;

(c)     Awarding Defendants their reasonable costs and attorneys' fees; and

(d)     Granting such other and further relief as this Court should deem appropriate under the circumstances.

Respectfully submitted,

**BOYD RICHARDS PARKER & COLONNELLI**
100 S.E. 2nd Street, Suite 2600
Miami, Florida 33131
Tel: 786-425-3905
Fax: 786-425-3905
**For Service of Pleadings:**
serviceMIA@boydlawgroup.com


By: ___*/s/ Bryan J. Mazzola*_____
      **BRYAN J. MAZZOLA, ESQ.**
      FBN: 1021407
      bmazzola@boydlawgroup.com
      mapereira@boydlawgroup.com
      **MAURICE J. MITCHELL, ESQ.**
      FBN: 1038868
      mmitchell@boydlawgroup.com
      dmorales@boydlawgroup.com
      *Counsel for Defendants*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this _20th___ day of February 2024. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By:___*/s/ Bryan J. Mazzola*_____
      **BRYAN J. MAZZOLA, ESQ.**
      FBN: 1021407

<u>**SERVICE LIST**</u>

**MARIA CAGLIOTI, ELIZABETH CAGLIOTI, AND TERESA CAGLIOTI  V. COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1, INC., and KATHY BAUER, INDIVIDUALLY**

**CASE NO.: 9:23-CV-81310-ROSENBERG**

| | |
|---|---|
| **BRYAN J. MAZZOLA, ESQ.** (FBN: 1021407)<br>bmazzola@boydlawgroup.com<br>**MAURICE J. MITCHELL, ESQ.** (FBN: 103886)<br>mmitchell@boydlawgroup.com<br>**BOYD RICHARDS PARKER & COLONNELLI**<br>100 S.E. 2nd Street, Suite 2600<br>Miami, Florida 33131<br>Tel: 786-425-3905<br>Fax: 786-425-3905<br>For Service of Pleadings:<br>serviceMIA@boydlawgroup.com<br><br>*Counsel for Defendants* | **MARCY I. LAHART, ESQ.** (FBN: 0967009)<br>Marcy@floridaanimallawyer.com<br>**MARCY I. LAHART, P.A.**<br>249 S.E. Tuscawilla Road<br>Micanopy, FL 32667<br>(352) 545-7001<br><br>*Counsel for Plaintiffs* |