UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO.: 9:23-CV-81310-ROSENBERG

MARIA CAGLIOTI, ELIZABETH CAGLIOTI, and TERESA CAGLIOTI,

        Plaintiffs,

v.

COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1, INC., and KATHY BAUER, individually

        Defendants.
_____/

## DEFENDANTS', COLONIAL CLUB CONDOMINIUM ASSOCIATION SEC 1, INC., AND KATHY BAUER, INITIAL RULE 26 DISCLOSURES

Defendants, COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1 ("COLONIAL CLUB") and KATHY BAUER, INDIVIDUALLY, through their undersigned counsel, hereby make the following initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1):

### PRELIMINARY STATEMENT, LIMITATIONS, AND QUALIFICATIONS

1.    Defendants' investigation and development of all facts and circumstances relating to this action is ongoing. Defendants have not completed discovery in this matter and may learn of additional or corrective information unknown at this time by Defendants or their counsel. Accordingly, the disclosures provided by Defendants are preliminary and are based on the information that is now reasonably available. These disclosures are made without prejudice to, and are not a waiver of, Defendants' right to rely on other facts or documents at trial, or to

1

supplement, clarify, revise, or correct any or all the disclosures contained herein, and to identify any additional disclosures in one or more subsequent supplemental response(s). Pursuant to Federal Rule of Civil Procedure 26(e), Defendants will supplement these disclosures with additional or corrective information if such information is discovered and, in the event, the discovered information is not otherwise known to the Plaintiff.

2. Nothing below shall constitute an admission by Defendants of the relevancy or admissibility at trial of any information or documents that may be produced in connection with these disclosures. Defendants further reserve their right to challenge the competency, relevance, materiality, and admissibility of, or to object on any other grounds to the use of the information or documents produced during this or any subsequent proceedings.

3. Defendants do not intend to disclose information that is privileged or is otherwise immune from discovery. Disclosures of any information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, except pursuant to a specific written agreement covering such information, shall be deemed inadvertent. Inadvertent disclosure of any such information shall not constitute a waiver or prejudice of any privilege or any other ground for objecting to discovery with respect to any such information nor shall such inadvertent disclosure waive or prejudice Defendants' right to object to the use of any such information during this or any subsequent proceeding.

4. The disclosures provided by Defendants are preliminary and are based on information that they currently possess, and thus Defendants retain the right to change or supplement these disclosures upon further discovery.

5. Defendants' disclosures shall not constitute an admission that the information is properly discoverable or admissible at trial and shall not constitute a waiver of any objection which might otherwise be made to the disclosure of such information.

6. Pursuant to the Federal Rules of Civil Procedure, Defendants will supplement these Initial Disclosures with new information after it is located and/or otherwise becomes available.

## **INITIAL DISCLOSURES**

1. The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claim or defenses, unless solely for impeachment, identifying the subjects of the information:

Kathy Bauer
c/o Bryan J. Mazzola, Esq.
Boyd Richards Parker & Colonnelli, P.L.
1555 Palm Beach Lakes Blvd
Suite 550
West Palm Beach, Florida 33401
Ms. Bauer is Defendant, Colonial Club's Board of Directors' president and has knowledge
of the allegations made in the Complaint.

Maria Caglioti
c/o Marcy Lahart, Esq.
249 SE Tuscawilla Rd
Micanopy, FL 32667
Has knowledge of the allegations made in the Complaint.

Teresa Caglioti
c/o Marcy Lahart, Esq.
249 SE Tuscawilla Rd
Micanopy, FL 32667
Has knowledge of the allegations made in the Complaint.

Elizabeth Caglioti
c/o Marcy Lahart, Esq.
249 SE Tuscawilla Rd
Micanopy, FL 32667
Has knowledge of the allegations made in the Complaint.

Maria Masserano
1015 Miramar Drive
Delray Beach, Florida 33483
561-276-1125
Ms. Masserano is Plaintiff, Maria Caglioti's treating physician and has knowledge of the allegations made in the Complaint.

Mary Scanlon
101 South Federal Highway
Lake Worth Beach, FL 33460
561-582-4151
Ms. Scanlon is Plaintiffs' Teresa and Elizabeth Caglioti's treating physician and has knowledge of the allegations made in the Complaint.

2. A description by category and location of all documents, electronically stored information, and tangible things that the disclosing parties have in their possession, custody, or control and may use to support their claims or defenses, unless the use would be solely for impeachment:

A general description of the categories of documents includes Defendant's Declaration of Condominium, all written correspondences issued to Plaintiffs' and all resolutions related thereto, all Enforcement hearing proceedings relating to Plaintiffs' and/or the property located at 6 Colonial Club Drive, Unit #202, Boynton Beach, Florida 33435 and all resolutions/adjudications and evidence related thereto, any and other documents relating to the issues raised in the Complaint. Any deeds or documents reflecting ownership relating of the property located at 6 Colonial Club Drive, Unit #202, Boynton Beach, Florida 33435. Defendant may rely on any of those documents produced in defense of this matter and reserves the right to amend, modify, and supplement the above list of documents to the extent that additional documents are identified during discovery or Defendant's continued investigation of Plaintiff's claims.

All documents, electronically stored information, and tangible things described above are located in either the Defendant's offices or in the offices of Defendant's legal counsel. All non-privileged or otherwise non-protected documents, electronically stored information, and tangible things in the Defendant's possession, custody, and control as described above will be made available for copying and inspection by the Plaintiff, at the Plaintiff's expense, at a mutually convenient time and location, or as is otherwise agreed to by the parties.

3. A computation of each category of damages claimed by the disclosing party:

It is the Defendants' position that the Plaintiffs have no damages in this action. Further, at the time of this disclosure, the Defendants are not seeking any damages from the Plaintiff.

4. Copy of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment:

Any copies of the Defendant's applicable insurance policy will be provided to Plaintiff's counsel at a later date, under separate cover.

Respectfully submitted,

**BOYD RICHARDS PARKER & COLONNELLI, P.L.**
1555 Palm Beach Lakes Blvd, Suite 550
West Palm Beach, Fla 33401
Tel: (786) 425-1045
Fax: (786) 425-3905
Service E-mail: ServiceMIA@boydlawgroup.com

By: _/s/ Bryan J. Mazzola_
**BRYAN J. MAZZOLA, ESQ.**
FBN: 1021407
bmazzola@boydlawgroup.com
mapereira@boydlawgroup.com

5

                                          **MAURICE J. MITCHELL, ESQ.**
                                          FBN: 1038868
                                          mmitchell@boydlawgroup.com
                                          dmorales@boydlawgroup.com

                                          *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this ____ day of February 2024. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

                                        By: */s/ Bryan J. Mazzola*
                                               **BRYAN J. MAZZOLA, ESQ.**
                                               FBN: 1021407

## SERVICE LIST

**MARIA CAGLIOTI, ELIZABETH CAGLIOTI, AND TERESA CAGLIOTI  V. COLONIAL CLUB CONDOMINIUM ASSOC. SEC 1, INC., and KATHY BAUER, INDIVIDUALLY**

**CASE NO.: 9:23-CV-81310-ROSENBERG**

| | |
|---|---|
| **BRYAN J. MAZZOLA, ESQ.**<br>bmazzola@boydlawgroup.com<br>**MAURICE J. MITCHELL, ESQ.**<br>mmitchell@boydlawgroup.com<br>BOYD RICHARDS PARKER & COLONNELLI, P.L.<br>1555 Palm Beach Lakes Blvd, Suite 550<br>West Palm Beach, Fla 33401<br>Tel: (786) 425-1045<br>Fax: (786) 425-3905<br>Service E-mail: ServiceMIA@boydlawgroup.com<br><br>*Counsel for Defendants* | **MARCY I. LAHART, ESQ.**<br>Marcy@floridaanimallawyer.com<br>**MARCY I. LAHART, P.A.**<br>249 S.E. Tuscawilla Road<br>Micanopy, FL 32667<br>(352) 545-7001<br><br>*Counsel for Plaintiffs* |